IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUGENE HEWLETT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **ASHLEY FURNITURE** | : | **NO. 12-4293** |

<u>MEMORANDUM</u>

DUBOIS, J.                                                                                   AUGUST 3, 2012

    Plaintiff Eugene Hewlett filed this <u>pro se</u> civil action against Ashley Furniture. He seeks to proceed <u>in forma pauperis</u>. The Court will grant plaintiff leave to proceed <u>in forma pauperis</u> because he has satisfied the requirements of 28 U.S.C. § 1915(a), and dismiss his Complaint for lack of subject matter jurisdiction.

    According to the Complaint, plaintiff purchased a sofa and a loveseat from Ashley Furniture on January 15, 2012. Plaintiff alleges that the furniture was sold as new floor model. On June 30, 2012, plaintiff discovered several socks between two of the cushions. Accordingly, he claims that he was sold used furniture instead of new furniture. He does not state the relief he seeks through this lawsuit, but attachments to the Complaint reflect that he spent a total of $615.54 on the furniture.

    "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff's Complaint does not raise any federal claims, so there is no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, the only

1

possible basis for this Court's subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332.

A federal district court has diversity jurisdiction over a case where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1). "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." Spectacor Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).

Here, plaintiff paid a total of $615.54 for the furniture that is the subject of his Complaint.  Accordingly, it is apparent from the face of the Complaint that plaintiff's claim falls far short of the statutory threshold exclusive of interest and costs.  The Court will therefore dismiss his Complaint for lack of subject matter jurisdiction.  Leave to amend will not be granted because amendment would be futile.  An appropriate Order follows.